IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ILLINOIS REAL ESTATE SERVICES, INC., | ) ) ) |
| Plaintiff, | ) ) )  Case No. 14-CV-1375-SMY-SCW |
| vs. | ) ) |
| BANK OF AMERICA, et al., | ) ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff originally filed this action in the Fourth Judicial Circuit, Marion County, Illinois (*see* Doc. 2-1). In the Complaint, Plaintiff alleges that Defendants Bank of America, the Federal Bureau of Investigation ("FBI"), Gary Monday, John Doddario Logistics, and Lisa Hayes a/k/a Glenda S. Hayes deprived Plaintiff of access to funds to which Plaintiff was entitled to receive (*see* Doc. 2-1). On December 15, 2014, the FBI removed the action to this Court pursuant to the provisions of 28 U.S.C. § 1442(a)(1), which provides for removal when a defendant is sued for acts undertaken at the direction of a federal officer (Doc. 2).

On February 4, 2015, Plaintiff dismissed the FBI with prejudice pursuant to Rule 41(A)(1)(a)(ii) of the Federal Rules of Civil Procedure (Doc 12). On June 16, 2015, Plaintiff voluntarily dismissed Bank of America pursuant to Rule 41(a)(I)(A)(I) *(* Doc. 14).

The record of the Court indicates that the remaining Defendants were either not served or, if served, have not appeared by answer or otherwise. As a result, on December 9, 2015, this Court issued a Notice of Impending Dismissal advising Plaintiff that this case would be dismissed by the Court unless action was implemented on or before December 15, 2015 to effectuate service and/or

1

seek default against the remaining three defendants.  As of this date, Plaintiff has failed to effectuate service, seek default, or show good cause why this matter should not be dismissed.

>   Federal Rule of Civil Procedure 4(m) sets forth the time limits for service in federal court:

> If a defendant is not served within 120 days after the complaint is filed, the court - on motion or on its own after notice to the plaintiff - must dismiss the action without prejudice as to that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period…

Fed.R.Civ.P. 4(m).

To show good cause, a plaintiff must provide "a valid reason for delay[.]" *Coleman v. Milwaukee Bd. of Sch. Directors,* 290 F.3d 932, 934 (7th Cir. 2002).  A valid reason may be found where the delay is attributable to something outside of the plaintiff's control.  *See. e.g., Geiger v. Allen,* 850 F.2d 330, 333 (7th Cir.1988) (valid reason exists where a defendant evades service); *Graham v. Satkoski,* 51 F.3d 710, 713 (7th Cir.1995) ("The Marshals Service's failure to complete service is automatically 'good cause' to extend time for service under Rule 4(m)").

Here, Plaintiff has provided the Court no explanation for its failure to serve Defendants Gary Monday, John Doddario Logistics, and Lisa Hayes a/k/a Glenda S. Hayes.  Accordingly, dismissal is appropriate at this time.  For the foregoing reasons, and pursuant to FRCP 4(m), this action is hereby **DISMISSED** without prejudice.  Plaintiff's Motion to Remand (Doc. 17) is **DENIED as MOOT**.

**IT IS SO ORDERED.**

DATED:  December 16, 2015

>       s/ Staci M. Yandle
>       **STACI M. YANDLE**
>       **United States District Judge**